JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | February 18, 2016 |
|---|---|---|---|
| Title | Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order

    Having reviewed and considered all the briefing filed with respect to plaintiffs Manuel Villanueva's ("Villanueva") and M. Villanueva Transportation, LLC's (collectively "plaintiffs") Motion to Remand to State Court (Dkt. 12, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**

    On November 12, 2015, plaintiffs filed a Complaint in the Los Angeles County Superior Court against Penske Truck Leasing Co. L.P. d/b/a PTL Fleet Sales, Inc. ("defendant" or "Penske"), and Does 1 through 50 (collectively "defendants"). (See Dkt. 1, Notice of Removal of Action ("NOR") at ¶ 1 & Dkt. 1-1, Exhibit ("Exh.") A ("Complaint")). The Complaint asserts only state-law claims. (See Dkt. 1-1, Complaint). The gravamen of plaintiffs' action is that Penske made misrepresentations regarding a used truck for sale and engaged in a bait-and-switch sales practice by advertising one truck for sale, but delivering a different one upon purchase. (See id. at ¶¶ 12-27). Specifically, plaintiffs allege Villanueva contacted a Penske representative regarding a truck (tractor) listed for sale by Penske, and was advised that the truck was in "good running and overall condition[,]" (id. at ¶ 13), that the truck would be transported to California from Maryland, (see id. at ¶ 14), that it came with a three month, 25,000 mile warranty, (see id. at ¶ 15), and that Penske would honor that warranty. (See id. at ¶ 16). However, rather than receiving a truck in good working condition, plaintiffs allege that Penske engaged in a bait-and-switch and delivered a different truck that was not in working condition, but instead was "actually towed to the delivery location[.]" (Id. at ¶ 23; see also id. at ¶ 22). Penske was required to repair the truck on numerous occasions, but never to plaintiffs' satisfaction. (See id. at ¶¶ 24-26). In March 2015, Penske declined further requests for service. (See id. at ¶ 27). Plaintiffs further allege that Penske was aware that the truck would be plaintiffs' exclusive source of income. (See id. at ¶ 18).

    On December 14, 2015, Penske removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 9). Penske contended that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | February 18, 2016 |
|---|---|---|---|
| Title | Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al. | | |

"[b]ased on the claims asserted in the Complaint and the damages sought therein, the amount in controversy in this action exceeds $75,000." (Id. at ¶ 16).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and.

---

[1] Given Congress's intent to facilitate adjudication of certain class actions in federal court, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | **February 18, 2016** |
|---|---|---|---|
| Title | **Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al.** | | |

. . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Wash. v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR, the attached state court Complaint, and the briefing on the Motion, makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction. See 28 U.S.C. § 1332(a).[3]

Penske bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332(a). The amount of damages plaintiffs seek cannot be determined from the Complaint, as the Complaint does not set forth a specific amount. (See Dkt. 1-1, Complaint, pp. 18-19 at "Prayer for Relief").

Penske asserts that the jurisdictional threshold is met in this case due to the damages

---

[2] Penske seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR). Accordingly, the court will not address federal question jurisdiction or plaintiffs' arguments regarding the lack of such jurisdiction. (See Dkt. 12, Motion at 9-10).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | **February 18, 2016** |
|---|---|---|---|
| Title | **Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al.** | | |

plaintiffs allege to have suffered, "including but not limited to the cost of the truck ($31,500)[.]" (See Dkt. 1, NOR at ¶ 15; Dkt. 14, Penske Truck Leasing Co., L.P.'s Opposition to Plaintiffs' Motion for Remand ("Opp.") at 6-7). However, with the exception of the cost of the truck, Penske proffers no evidence that might help the court determine whether plaintiffs' claims would fulfill the amount in controversy requirement. (See, generally, Dkt. 1, NOR & Dkt. 14, Opp.). Not only has Penske failed to provide any evidence, it has failed to place any value on the claims for relief or the types of damages plaintiffs seek. (See, generally, Dkt. 1, NOR & Dkt. 14, Opp.). Instead, Penske merely cites to plaintiffs' alleged injuries and requested forms of relief as proof, ipso facto, that the amount plaintiffs seek would meet the amount in controversy requirement. (See Dkt. 1, NOR at ¶ 15; Dkt. 14, Opp. at 6-7). Such unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a). See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, [and did not] satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]") (internal quotation marks omitted) (emphasis in original).

Penske also notes that plaintiffs seek punitive damages. (See Dkt. 1, NOR at ¶ 15; Dkt. 14, Opp. at 6). While punitive damages may be included in the amount in controversy calculation, see Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104, 122 S.Ct. 903 (2002), plaintiffs' request for such damages does not aid Penske. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000." Burk, 348 F.Supp.2d at 1069. A removing defendant may establish "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases." Id. Penske has made no attempt to show the probable punitive damages in this case. (See, generally, Dkt. 1, NOR at ¶ 15 & Dkt. 14, Opp. at 6-7). Thus, inclusion of punitive damages in the amount in controversy would be improper. See Burk, 348 F.Supp.2d at 1070 (defendant "failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount"); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. . . . Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | **February 18, 2016** |
|---|---|---|---|
| Title | **Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al.** | | |

    Finally, Penske relies on plaintiffs' claim for attorney's fees.[4] (See Dkt. 1, NOR at ¶ 15; Dkt. 14, Opp. at 7). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Id.; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

    Here, Penske provides no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, Dkt. 1, NOR at ¶ 15; Dkt. 14, Opp. at 7). Penske has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

    In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

---

   [4] Penske asserts that plaintiffs "admit that 'the amount in controversy could exceed $75,000,' which impugns any challenge to amount in controversy." (Dkt. 14, Opp. at 2; see also id. at 7) (citing Dkt. 12, Motion at 6). Even if plaintiffs' passing statement in their Motion that the amount in controversy "could" exceed $75,000, that would not aid Penske since such a statement does not constitute evidence in support of Penske's burden. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."); see also United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9613 FMO (Ex) | Date | **February 18, 2016** |
|---|---|---|---|
| Title | **Manuel Villanueva, et al. v. Penske Truck Leasing Co., dba PTL Fleet Sales, Inc. et al.** | | |

resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Penske has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.[5]

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis**.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.   Plaintiffs' Motion to Remand **(Document No. 12)** is **granted**.

2.   The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3.   The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |

---

[5]   In light of the court's conclusion, it is not necessary to address plaintiffs' argument, (see Dkt. 12, Motion at 6-9), that Penske is not diverse from plaintiffs.